FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARRINA W., <br><br>　　Plaintiff, <br><br>　　v. <br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br>　　Defendant. | No. 4:19-CV-05167-SAB <br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff Karrina W.'s Motion for Summary Judgment, ECF No. 9, and Defendant Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment, ECF No. 10. The motions were heard without oral argument. Plaintiff is represented by Chad Hatfield, and Defendant is represented by Assistant United States Attorney Rudolf J. Verschoor and Special Assistant United States Attorney Ryan Lu.

**Jurisdiction**

On September 1, 2015, Plaintiff filed an application for supplemental security income disability insurance benefits. Plaintiff alleges an onset date of February 15, 2014.

Plaintiff's application was denied initially and on reconsideration. On March 6, 2018, Plaintiff appeared and testified at a hearing held in Spokane, Washington before an ALJ. The ALJ issued a decision on April 30, 2018, finding that Plaintiff

was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on July 21, 2016. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on June 15, 2019. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

months and must be proven through objective medical evidence. 20 C.F.R. § 416.908-.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the hearing, Plaintiff was twenty-eight. She has two children. She testified that shortly after she graduated from high school, she had surgery on her appendix.[1] A couple of months after the surgery, she began to experience nausea, vomiting and diarrhea. At one point, she lost almost thirty pounds. She explained that she does not have an appetite because she is constantly nauseated. She also experiences migraine a couple of times a week. Sometimes she has to stay

---

[1] It was later discovered that she had a carcinoid tumor in her appendix.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

in her bedroom and her mother comes over to help her with the children. She also testified she has stabbing abdominal pain. This pain makes it difficult to sit or stand very long.

## The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 1, 2015, the application date. AR 18.

At step two, the ALJ found Plaintiff has the following medically determinable impairments: migraines, a history of carcinoid tumor of the appendix, ovarian cysts, an unspecified anxiety disorder, and an unspecified depressive disorder, but concluded Plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basis work-related activities for 12 consecutive months and therefore Plaintiff did not have a severe impairment or combination of impairments. AR 18.

## Issues for Review

1. Whether the ALJ properly applied *Chavez v. Bowen* and AR 97-4(9)

Plaintiff filed a prior application for supplemental security income in 2011. There, the AJL ultimately found she had no severe impairment. In this case, the ALJ recognized that under AR97-4(9) and *Chavez v. Bowen*, 844 F.2d 6912 (9th Cir. 1988), it must be presumed that Plaintiff has continued to be "not disabled," unless she can show changed circumstances indicating a greater level of disability since the date of the earlier decision.[2] He found the *Chavez* presumption was

---

[2] In *Chavez*, the Ninth Circuit Court of Appeals held that a final decision by an ALJ that a claimant is not disabled gives rise to a presumption that the claimant continues to be not disabled after the period adjudicated, and that this presumption of continuing nondisability applies when adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

technically rebutted by a change in the mental listings and recognized that Plaintiff was making new allegations, including migraines, depression and anxiety, but found no evidence of material change in Plaintiff's overall functioning, or evidence of any new severe impairment. This was in error.

The record establishes that Plaintiff frequently presents with severe abdominal pain and associated symptoms of nausea, vomiting, and diarrhea/constipation. Multiple treatment providers noted that she appeared very thin and did not look well in December 2017, after she presented with numerous abdominal and GI symptoms, and imaging showed renal stones. The record also demonstrates she reported symptoms of depression, anxiety, decreased concentration and panic attacks.

Consequently, the ALJ erred in concluding that Plaintiff did not present changed circumstances indicating a great disability, and thus erred in rejecting

claim. 844 F.2d at 693. In order to rebut the presumption of continuing nondisability, a claimant must prove "changed circumstances" indicating a greater disability. *Id.* In addition, the Circuit indicated that where the claimant rebuts the presumption by proving a "changed circumstance," principles of res judicata require that certain findings contained in the final decision by the ALJ on the prior claim be given some res judicata consideration in determining whether the claimant is disabled with respect to the unadjudicated period involved in the subsequent claim. *Id.* at 694. It concluded that where the final decision by the ALJ on the prior claim, which found the claimant not disabled, contained findings of the claimant's residual functional capacity, education, and work experience, the Secretary may not make different findings in adjudicating the subsequent disability claim unless there is new and material evidence relating to the claimant's residual functional capacity, education or work experience. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

Plaintiff's impairments as non-severe at step two and in failing to conduct step three, four and five of the sequential process.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 9, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 10, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded**.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 13th day of March 2020.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**